In re: Charles Agee ATKINS, Debtor.

No. 84–427–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 29, 2005.

_____

Ronald Bergwerk, Jacksonville, FL, for Debtor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This Case is before the Court upon Debtor's Motion for Unclaimed Funds. After hearings held on June 8, 2005, and November 2, 2005, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. On May 25, 1984, Debtor filed for Chapter 7 bankruptcy relief.

2. On October 16, 2003, the case was closed. The registry account, however, remained open and on December 4, 2002, the Chapter 7 Trustee, Valerie Hall Manuel, deposited the sum of $61,670.54 into the Court's Registry pursuant to a Report of Trustee for Undistributed Funds.

3. On December 20, 2004, Debtor filed a Motion for Unclaimed Funds in the amount of $61,670.54.

4. The unclaimed funds being held in the registry are designated payable to Davis, Markel, Dyer & Edwards, P.C. ("Creditor"), 100 Park Avenue, New York, N.Y. 10017.

5. On June 8, 2005, the Court held a hearing on Debtor's Motion for Unclaimed Funds. At the conclusion of the hearing, the Court informed Debtor's counsel that the it did not feel the proper noticing requirements had been complied with. The Court ordered the motion stricken from the calendar but provided that it could be returned to the Court's calendar upon Debtor's request.

6. On June 22, 2005, Debtor filed an Amended Motion for Unclaimed Funds.

7. On November 2, 2005, the Court held a hearing on Debtor's amended motion. At the hearing, Debtor's counsel stated that the Creditor had been properly served pursuant to the State of New York's Business Corporation Law.

8. Debtor's counsel represented to the Court that according to the New York Department of State there is no record of any partnership registrations or filings, nor any other articles of incorporation under the exact name of Davis, Markel, Dyer & Edwards, P.C.

9. Upon further investigation, Debtor's counsel found there was a Certificate of Incorporation for the corporation of Davis, Markel & Edwards, P.C. However, as the corporation has made several name changes, its official name to date is Davis, Weber & Edwards P.C. In accordance with the State of New York's Business Corporation Law, Debtor's attorney effectuated proper service of the motion upon Davis, Markel & Edwards, P.C.

## CONCLUSIONS OF LAW

The issue before the Court is whether the Debtor is entitled to the unclaimed funds in the Court's Registry.

Pursuant to 11 U.S.C. § 347, which governs unclaimed property, ninety days after the final distribution, all remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

Section 66   (*11 U.S.C. § 106* ):

*Unclaimed Moneys.* a. Dividends or other moneys which remain unclaimed for sixty days after the final dividend has been declared and distributed shall be paid by the trustee into the court of bankruptcy; and at the same time the trustee shall file with the clerk a list of the names and post-office addresses, as far as known, of the persons entitled thereto, showing the respective amounts payable to them. Such moneys and dividends shall be deposited and withdrawn as provided in title 28, United States Code, section 2042, and shall not be subject to escheat under the laws of *28 U.S.C. § 2042.* Withdrawal No money deposited under section 2041 of this title shall be withdrawn except by order of court. In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States Attorney and full proof of the right thereto, obtain an order directing payment to him.

"In the absence of any express statutory authority governing the disposition of surplus funds, bankruptcy courts have commonly recognized the debtor's right to recover surplus bankruptcy funds under general equitable principles." *In re Georgian Villa, Inc.,* 55 F.3d 1561, 1563 (11th Cir.1995). In *Georgian Villa,* the court held that a not-for-profit Chapter 11 debtor was entitled to unclaimed surplus funds. *Id.* In reaching this determination, the Eleventh Circuit reasoned that the plain language of the Bankruptcy Code compelled the distribution of the surplus to the debtor since the requirements of *28 U.S.C. § 2042* had been fully complied with. *Id.*

In the instant case, Debtor has properly effectuated service upon the Creditor in the manner provided for pursuant to the State of New York's Business Corporation Law. Proper notice has also been provided to the United States Attorney. As the Debtor has properly complied with the requirements of *28 U.S.C. § 2042* and no objections have been filed the Court finds it appropriate to release the unclaimed funds, in the amount of $61,670.54 to the Debtor.

## CONCLUSION

Based upon the above, the Court will grant Debtor's Motion for Unclaimed Funds in the amount of $61,670.54. A separate order will be entered that is con-

sistent with these Findings of Fact and Conclusions of Law.